**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 19, 2004**

Charles R. Fulbruge III
Clerk

REVISED OCTOBER 20, 2004
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

─────────────────

No. 04-10245

─────────────────

In Re: Yokamon Laneal HEARN , Movant.

─────────────────

No. 04-70010

─────────────────

Yokamon Laneal Hearn,

Petitioner-Appellant,

v.

Doug Dretke, Director, Texas Department of
Criminal Justice, Correctional
Institutions Division,

Respondent-Appellee.

Transfer Order from the United States District
Court and Appeal from the United States District Court
from the Northern District of Texas

ORDER ON REHEARING
(Opinion 7/6/04, 5th Cir., 376 F.3d 447)

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

The petition for panel rehearing is DENIED, and no judge in regular active service having

requested that the court be polled on rehearing en banc, the petition for rehearing en banc is

DENIED. The court, having considered the request for rehearing, clarifies the panel opinion as follows:

1. The panel decision is limited to a petitioner who:

    (i)     has already filed state and federal petitions;

    (ii)    presently <u>lacks</u> §848(q)(4)(B) counsel;

    (iii)   may have a §2244(b)(2)(A) claim based on the previously unavailable, new Supreme Court rule in *Atkins*; and

    (iv)    to whom *Atkins* may apply.

2. Consequently, this decision does not imply that all defendants are entitled to §848(q)(4)(B) counsel for *all* successive habeas actions. *McFarland v. Scott*, 512 U.S. 849 (1994), must be harmonized with Congress's later determination in AEDPA that the grounds for successive habeas petitions are narrowly circumscribed. *Cf. Cantu-Tzin v. Johnson*, l62 F.3d 295, 296 (5th Cir. 1998) ("neither *McFarland* nor §848(q)(4)(B) requires appointment of counsel for the wholly futile enterprise of addressing the merits of a time-barred habeas petition").

3. Equitable tolling applies in this case because of the combination of the problem created by the Texas two-forum rule, which Texas has overturned, and the withdrawal of petitioner's counsel.

4. This is a fact-bound case. In the ordinary case, *e.g., In re Holladay*, 331 F.3d 1169 (11th Cir. 2003), where the issue of mental retardation was explored at trial for *Penry* mitigation purposes, there will likely be a state court record from which to determine whether a prima facie case of mental retardation exists. Counsel may be

2

appointed for a successive petition, but the appointment alone does not grant capital defendants a right to an automatic stay of execution. McFarland, 512 U.S. at 858. Under such circumstances, the defendant will have sufficient time to file a petition conforming to the prima facie standard mandated by 28 U.S.C. 2244(b)(3)(C) prior to his scheduled execution. A federal court need not grant a stay where a dilatory capital defendant ignores this opportunity to file timely and flouts the available processes. *Id.*

5. As the panel opinion made clear, while Hearn made a colorable showing of entitlement to §848(q)(4)(B) counsel for the limited purpose of investigating and preparing his successive habeas petition, we have not decided the merits of his claim of mental retardation.

Jerry E. Smith, Circuit Judge, dissenting from the denial of panel rehearing:

I respectfully dissent from the denial of rehearing. Although I appreciate the majority's well-meaning effort to address portions of its initial opinion, *Hearn v. Dretke* (*In re Hearn*), 376 F.3d 447 (5th Cir. 2004), the majority's clarifications, which are generally helpful, do not cure the fundamental deficiencies on which I focused in dissent, *id.* at 459-71 (Smith, J., dissenting).

Fortunately, in its order on rehearing, the majority states that "[t]his is a fact-bound case" and that "[t]he facts of this case do not presently demonstrate that Hearn 'is in fact mentally retarded.'" Unfortunately, however, the majority still clings to its notion that "Hearn has made a colorable showing of entitlement to . . . counsel."

The majority seems now to recognize that once newly-appointed counsel has presented his or her case for Hearn on remand, the district court will surely find that Hearn meets none of the standards for retardation and will deny relief. As Judge Higginbotham observed, "If there is nothing there, as the dissent seems to know, the district court will so conclude." *Id.* at 459 (Higginbotham, J., concurring).

The majority's clarification somewhat explains the majority's assertion that this petitioner, having shown no substantial facts in support of retardation, is nonetheless entitled to counsel. The majority's position on retardation remains in error, but at least there is a way of understanding how the majority can attempt to justify appointing counsel in a case such as this, where the attempted showing of retardation is meritless if not downright disingenuous.

I respectfully dissent.